Our first case for today is United States v. Walter Hill, No. 14-4412. Oh, by all means, please. You get a good workout walking back and forth, right? Good morning, sneakers. Good morning, your honors. Good morning. Brandon McLaughlin on behalf of Appellant Walter Hill. She'll get it. Thank you. I'd like to first start focusing my argument on the issue of judicial recusal. Were you going to reserve any time? Oh, I'm sorry. I did reserve two minutes. That'll be granted. Thank you. I'm sorry. What are you starting with? I wanted to start my focus of the appellate argument on judicial recusal. Really? Really? Yeah. Let's go. Can we go instead? I don't know if that's my best shot, but certainly interesting. Can we go in with dual juries first? Yes. I've got a question for you. I couldn't help but read the beginning of the transcript where the judge goes over the procedure that the judge is going to follow during the trial with the two juries. The judge mentions on page six of the supplemental appendix, I don't believe there's any objection here, and trial counsel confirms there's no objection to this procedure. How is this issue about dual juries not waived? I believe it's an abuse of discretion. But I think it's been waived, hasn't it? I mean, it was all laid out, and trial counsel said, that's fine with me. Essentially, I do believe that this is an issue that wasn't clearly set out and articulated with the defendant himself, in that the counsel simply kind of brushes over without knowledge of how this was going to work. You're saying counsel wasn't empowered to waive that on behalf of the client? I don't believe there was any discussion that's on the record that the defendant himself, Walter Hill, waived that issue. Counsel has the authority to waive that kind of a thing? I believe it should have been on the record a waiver of this issue. I think that it then goes, which shows up later in the trial, is that it does, in fact, impact the jury. It starts with, the court met with counsel and chambers to discuss the procedures for selecting two juries to try this matter. It was clearly beforehand. They come out on the record. Then the judge says, I don't believe there's any, this is on page six, I don't believe there's any objection from counsel with the procedure just outlined. And counsel says, I have no objection. And my response to your Honor's question would be, I believe that that is not an issue that counsel can waive entirely without an on-the-record discussion or a colloquy of the defendant so that the defendant understands what the procedure is and what that will look like. But if you're right on that, that's just an argument for ineffective assistance. And I can see that that may be something that would need to be raised on a habeas petition. Okay. If you want to talk about recusal, that's fine. Well, I do think that the nature of what this case demonstrates is that we have repetitive examples where District Court Justice Curtis Gomez should have recused himself. And I think that recently the U.S. Supreme Court in Williams v. Pennsylvania, which was decided in June of 2016, really does actually speak to that. So that Williams v. Pennsylvania is not cited in my brief because it came after that. But I think it actually speaks to this issue of integrity of the bench and where that standard. Is there really anything in the record that we're going from? I mean, this all got developed after the verdict, right? Well, I think that the issue of recusal becomes two points. So there's issue in regards to the relationship of the witness. However, and let's be clear. Judge Gomez didn't have any involvement in this prosecution, did he? He didn't. He was not involved in the prosecution. However, he is involved in the issue of the wiretap. In what way? He is the authority that issues the wiretap. All right. So you want a black-letter law rule that when a judge issues a pretrial order, that judge can't preside in the trial? Then can't decide the issue of the wiretap, the legality of the wiretap. So this is in two-fold with Judge Gomez. He issued somebody in high school, right? Correct. And there's an agent? And then he works, then ostensibly works with him as Judge Gomez was then a prosecutor, and the main witness against my client was a police officer. So they not only knew each other in high school, but then there was a relationship, a professional relationship. Okay. So then. Nobody knows somebody decades before in high school, and then they know somebody who knows somebody. I mean, well, this is your time. You can use it as you wish. But if I had eight minutes, I don't think I'd be spending it on that. Then we can move forward to the issue regarding the conviction on the use. Count 42. Count 42. So we can move forward to that. Our position of that is that that is invalid, in that there was never evidence appropriately admitted on the record for that conviction. On that. Help me understand a couple things. First, the opening of that count says on or about. Now, I understand that later in the count there's a specific occasion, a specific call at a specific time. Correct. How do you deal with the on or about language? Does that give the government enough wiggle room to say, well, we're close enough when we do this 12 days later? I don't think when it terms the use of a communication facility in a particular call, I would liken what your question is to an argument regarding if somebody is charged with an assault on a child and the child can't remember specific dates, and so they give a length of time because a witness might not be sure of what specific date something occurred. Was there an objection raised at the time? There was an objection raised by Attorney Mangola as to the admission of the evidence. You mean of the log? Of the log, correct. And it was held under advisement and never ruled upon. And then when the government moves in their evidence. The log never came in. The log never came in. Right, but was there an objection made to Angelo's testimony that he made a phone call to Hill on May 17, telling him what Tapia requested? There was no objection to that call. So what I would suggest, however, is that the indictment is specific. There's a reason why you name a date. And so we can say on or about, but in terms of presenting a defense, you're presenting a defense as to that particular time. It's not like the government here wasn't aware of what these calls were. Of course they were. If counsel for Hill thought all that was at issue was a call on the 5th of May, surely counsel would have objected to evidence regarding a call 12 days later. It's difficult for me to address what Attorney Mangola may have done or not done. My point is this isn't one of these cases where, you know, you've got one discrete event and the entire case turns on that one event. I mean, this is a continuing course of conduct involving drug trafficking, isn't it? However, as to my client, it's one specific transaction, and that's the issue, is that my client was not. As to that count. As to that count, my client was not. Right, but there were various contacts related to that transaction, including the contact on the 17th of May. As to my client, while he was charged with conspiracy, the evidence offered by the Commonwealth, excuse me, not by the Commonwealth, but by the government, excuse me, is particular to Mr. Hill on that day, meaning that there was no other evidence that they offered against Mr. Hill that extended. Not documentary, but there was testimony. There was no testimony as to Mr. Hill really beyond that day. Angelo Hill, I mean, it was on that day, I'm sorry. On that day, that Mr. Hill's activity is limited to that day. If the indictment says on May 5th, then the May 17th call can't serve as a basis to convict your client. But the indictment says on or about May 5th, so then don't we have to decide whether May 17th is on or about May 5th? And I think that is something for your honors to consider, meaning if the government didn't have a specific set of evidence they wanted to move in and wanted to base their conviction on for that charge, then they could have said on or about May 2013. But they specified that date because they looked at that call log and that was the evidence that they were focusing. Then it's not admitted, so then they have to shift their argument and say, oh, no, no, it's not May 5th, it's actually May 17th. And then I think that's where the issue goes is because then it's trial by surprise. That as you are preparing a defense as an attorney, you are preparing for on or about May 5th, not on or about May 17th or on or about May 31st. That's why I think Judge Jordan's question about objection is important because if it is trial by surprise, surely there would have been an objection that, you know, what are you talking about, May 17th? That's not what this case is about. My clients, you know, this is the first we've heard of it, your honor. That would be sort of the tenor of the sidebar, right? Correct. I do, I cannot, like I said, explain the sequencing of the attorney's objection. When I read the transcripts, it's clear to me that there may have been some confusion as to when the objections, when he was making his objections, whether or not he was making it specifically towards the May 17th or making it towards the May 5th date. What about the Rule 29 motion? Talk to us about that because that's, does the Rule 29 motion about sufficiency of the evidence have bearing here? And if it does, how does it have bearing? Because it's not a very clearly articulated motion. I do agree with that, that it is not clearly articulated on the record as argued in front of the Honorable Curtis Gomez. I believe when I read the transcript that the Rule 29 motion went to excluding the, the argument was based on the fact that the testimony by Angelo Hill regarding May 17th is not, is not enough, is not sufficient for that count to then go forward. That was really my reading of that. So, trying to get your position. Is that, is that the, is the argument being made here, look we preserved this because there was a Rule 29 and that's good enough because that hit the issue? Or are we under some kind of plain error review here? What's going on? I think it's a plain error review. So you're acknowledging there was no objection? I'm not clear. I'm really, I'm not clear on the record, on that record what, what was being argued. In some sense it appears that the government and Attorney Mangola might not have been arguing the same exact issue. We appreciate your candor on that. There's, you know, there's a reality to that. And I have to, you know, and again, these might be issues better potentially litigated. It's a very interesting issue. But, I mean, if the government were to surprise us and confess error on this, does it matter? I mean, he got the, there was a mandatory minimum, he got that, right? He did get the mandatory minimum, yes. If we agree with you, does it really change anything? Not necessarily in terms of a sentence, no. Because of this, of this charge carries the least of his, of his sentence. And then in regard to, however, I do believe that there is potentially an Alene issue that I raised at the end of the brief, which I point your honors to, is that the government did not submit to the jury a finding of his prior felony conviction. That's Almendiz-Torres, right? I mean, we've got binding precedent that tells us that's okay, don't we? I mean, it's still good law. It is. I would just submit to the, procedurally the way that it should work is that they should have not just submitted the weight of the drugs to trigger the mandatory, but they should also have submitted the felony conviction. Even if we thought that was a better way to do it. I mean, the Supreme Court has said all through these, you know, Apprendi, Alene, the line of cases, and we're not messing with Almendiz-Torres, right? That's still there, and it makes what they did okay, doesn't it? I would disagree, but that's... Why? How? Explain to me how, under Supreme Court precedent, they're just submitting the fact of the prior conviction to the judge isn't sufficient. That's what Almendiz-Torres says, right? I mean, we're bound by it. You guys are bound by it. Even if we all agree that it would be better to do it the other way, the Supreme Court of the United States has said it's okay to do it the way the government did it here, didn't they? I agree with you that that's what that precedent stands for. However, what I would submit is that in this particular case, there were issues as to whether or not that felony conviction was in fact a felony conviction or in fact was it a misdemeanor. So there was issues of fact regarding that conviction, not just the existence of the conviction. And there would have been a question for a jury to consider beyond a reasonable doubt. It's not simply an agreement. The jury would have been the one to decide whether what was on the record was a misdemeanor or a felony? That's not like a sort of pure question of law, whether a conviction constitutes a misdemeanor or a felony. In this particular defendant, and that's the issue that I'm focusing on as Mr. Hill's conviction, is whether or not the conviction that was in Maryland that was submitted as a felony conviction was in fact actually processed as a misdemeanor. It can't be the case, though, because his lawyer said that the mandatory minimum sentence is enhanced. The premise for it being enhanced is that it was a felony, right? Correct. And, again, this may be an issue that is better. I mean, if the lawyer misstated the, yeah, okay. Okay, thank you. Thank you. Good morning, Your Honor. Good morning. My name is Kim Chisholm, and I represent the Appalachian United States of America. I could go right into count 42s. Sure. That would be great. Judge, the government, I think I laid out in the brief pretty much what the government's position is, but I'll just go over it in light of what the facts are in the view of myself who reviewed the record. And I think I have an understanding of what the facts are with respect to that count insofar as explainable from this record. Okay. It appears to me that count 42 charged an on or about May 5th telephone count. It does say on or about, but in the count, and this isn't a conspiracy count. This is a very specific use of a communication facility account. It says on or about in introductory language, and then it specifies that he did it as follows, and then says May 5, 2013, 1701, call number 5463. It is as specific as it can get down to the minute. That's what I was going to say, Your Honor, that that's what the count states. And I also, in my brief, pointed out that, and I believe it was a series of calls, that at some point the prosecutor was attempting to play during Roberto Tapia's testimony, and that she indicated, because it was an objection by Attorney Mangola, that she would not be introducing any calls with Walter Hill's voice on it. And I do not know for certain, but I am fairly confident that that call, because of the way it's stated in the account, was a intercepted call, and probably was one of those calls that, for some reason, the government decided that it was not going to play. Now, having said that, So they didn't play it, and they didn't end up introducing the logs, right? I mean, the logs were, I shouldn't say introducing. The logs weren't admitted, right? Well, no, Judge, let me clarify that part, because the logs that we're talking about were the logs that were attempted to be introduced as summary exhibits through Mr. Grossman. And those were subscriber and toll logs. Those were different from the intercept call logs. So what was referred to in that testimony of Attorney Grossman, which was referred to by Attorney Mangola during his Rule 29 hearing, were subscriber toll logs. So those logs wouldn't have shown this call anyway? They would not have, at least as far as I can see from the record, because those calls related to May 17th. And I think that that is clear from the record. That is what was argued by the parties, including Attorney Mangola. So the logs that were never admitted, that were introduced but not admitted, they dealt with May 17th. They wouldn't have shown a May 5th call anyway. And the government, for reasons good and sufficient to itself, we don't know why you're telling us, decided not to introduce the tape or any other evidence of the May 5th call. Is that right? That's what I have learned from reviewing the record, yes. Okay. So help me out. If the government decides not to put evidence in, and what you're telling me is it had no evidence then at all in the case of the May 5th use of a communication device. Or at the time that, during the trial at some point, it decided not to use it, presumably. Okay. Then why are you insistent on holding on to this conviction? I'm puzzled by that. How do you hold on to this conviction if there's no evidence for the use on May 5th of a communication device? Well, Your Honor, what the appellant argued in her brief was sufficiency of the evidence related to what we're talking about here. And in the government's view, there was evidence of record to support the elements of the telephone count through, as Your Honors have mentioned, during the examination of counsel for the appellant, the phone call that- On May 17th. On May 17th, right. It's a variance, Your Honor. It supports the elements. It's not a different charge. It's still a telephone charge.  But you've just noted it's a variance. And that's not what was argued, Judge. And what was argued on appeal is different from- It's the different argument than what was argued at the ruling. So you're saying it might, in fact, be a variance, but they waived that argument. Right. And they've also waived the argument- Right. They've waived that argument because it's not- Under Joseph, it's not the argument that was made below. There was an argument made below by Attorney Mangola about the Grossman tolls. It was a sufficiency of the evidence argument made. That's the only argument he made about the telephone calls. Can it fairly be said that those things are effectively one and the same? That if you say, hey, Judge, there's no evidence here of this earlier call, there is no evidence of it, that's an insufficiency of evidence call. There's not a magic word. He doesn't have to say variance. It's enough to say they just didn't put evidence into this.  And I think that we know that by what he argued to the jury during closing. He argued his numbers were different than Kelly Lake's, but he argued that there were five phone calls on May 17th between his client and Angelo Hill, as testified to by Grossman, because even though the subscriber and logs didn't get in, the testimony got in, that there were 12 calls on May 17th between Angelo Hill and Walter Hill. And that was coupled with Angelo Hill's testimony that he made a phone call. He placed that phone call in furtherance of the drug conspiracy. I don't even hear them arguing against that here. On this Count 42 issue, I don't think, maybe I'm wrong, and Ms. McLaughlin can straighten me out, but I don't hear them saying there wasn't evidence about calls on the 17th. I hear them saying that this is unfair, this is a variance, it's unlawful for them to charge a specific date and time, put no evidence in of it, and then get a conviction on that. That's not allowed. You can't do that. Indeed, I hear her saying it's plain error. Go ahead and review it under plain error. No judge should allow this to have happened. What's your response to that? Well, I think under plain error, then you have a question, Mark, if there was an objection below then. There was a Rule 29, but it wasn't the objection that's made here. So that's plain error, right? Assume with me that she's acknowledging there was no objection, and we're on plain error review. Her assertion is it is plain error. You cannot allow somebody to be convicted of something for which there is no evidence. And May 5th, there's no evidence of a call, and they specified to the minute when the call was to be made, and they just didn't put evidence in. That's plain error. I need your response to that argument. Yes, Your Honor. My response is that it's not. . . You're talking about the error being the failure to raise an objection as to the variance. Well, you can call it variance, or you can call it insufficiency evidence. You can take it either way. I guess part of what I'm hearing is you say, we acknowledge it's a variance, but they didn't object, and so it's waived. No, I'm not saying they didn't object, Judge. I think I'm saying that when you get to the variance argument, I think the government's argument is that they weren't prejudiced by the variance that occurred during trial because he argued it during the hearing. He never objected to it, so I'm talking about a lack of prejudice. But if the court were to . . . Well, stick with me on that point. If you acknowledge, if the government acknowledges it's a variance, and its one assertion is no prejudice, how can it not be prejudice to be convicted of something for which there is no evidence? How can that not be prejudice? Is the argument you ended up with the same sentence anyway because there was a mandatory minimum? What's the arc of reasoning that gets you to no prejudice if you're convicted of something for which there was no evidence? Because the standard is sufficiency of the evidence, and it's whether there is any . . . There's no evidence. Well, there's evidence by which a jury could find beyond a reasonable doubt the elements of a violation of the telephone . . . On May 17th. Now I feel like I'm caught in a circle. Right. It's not what was charged specifically as to the indictment on May 5th, but there is evidence of record that a telephone communication facility was knowingly used in furtherance of a drug conspiracy. If you'd had a . . . if this . . . if Count 42 had said, honor about May 17, or honor about May 15, or honor about . . . maybe even honor about, you know, May 10. Maybe that's okay, but when you get to honor about May 5th, and you specify the date and time in the . . . with exceeding specificity, how is your whole argument then come down to honor about covers it, it's good enough because it said honor about May 5th? No, but Judge, I guess what I'm trying to explain is that I think that if it is a variance, which it was a variance clearly, then there has to be some prejudice. And I think that if the defendant, let's say, had an alibi built around May 5th, but it turns out that we proved May 17, then he might be able to show prejudice. Aren't you shifting the burden of proof then? It's almost as if you're saying, yeah, we can convict you with no evidence because you didn't show up with an alibi. It's not his responsibility to show up in court with an alibi. It's your responsibility to come forward with evidence to convict beyond a reasonable doubt of the charge that's in the indictment. The charge in the indictment, which the government controlled, was May 5th, 2013, 1701 p.m. How can, with that specificity, you say, yeah, it's a variance, it's true, it's a variance, but no prejudice. He's got a conviction on that now. That's like the classic version of, it's a felony conviction. That's got to be prejudice, doesn't it? Yes, but if you will hear me out for a minute, the reason why we ask for counsel to make their arguments before the district court had the argument been made, it is very clear, I think, to all of us that had the district court focused on the evidence as to May 5th, we would not be dealing with that count now. Now, having said that, if it dumps. What would have happened? That's what I'm talking about, Judge. If we lose count 42, I would ask the court not to remand. I would ask the court to vacate that count. There was a 48-month sentence on that count. There were 240 months imposed on the other two counts. Each count, it was a discrete count. The sentences were imposed as to each count. They're not interdependent. I would ask that the court vacate the count. I think the court can, if it needs to vacate the assessment of $100 as to count 42, it can do that. But I would ask the court to not remand the case for resentencing. I think it can vacate count 42 if it deems it appropriate. Let me go back to the merits. You say in your brief that they waived the variance argument. But I'm going back through the appellant's brief, and I don't see them arguing for a variance. No. Did you sort of infer that from the nature of their argument? Yes, because I was looking at it. Because I don't think the word variance is even mentioned in the appellant's brief. It's not, Your Honor, nor is case law mentioned in the dual jury issue at all. All right, so really it's teed up for us as a sufficiency of the evidence argument. And the argument is that the evidence isn't sufficient to convict on the use of a communication facility because there was no evidence put in to the record about this May 5th call. And you concede that. Yes. That there was no evidence put in on that. But your response is, wait a minute, the elements of the offense include use of the, you have to have obviously use of a phone or some communication facility. And when you look at the record, you see that occurring 12 days later on the 17th of May. Yes. Okay. I understand your argument. That was what was argued by the counsel for the government and also for the defendant. Okay. And there was never, am I correct in understanding the record, that there was never any objection by trial counsel for the defendant along the lines of unfair surprise or irrelevancy or, you know, why are we talking about May 17th when this isn't even part of this case because we should be focused on what happened on May 5th? That is correct. Okay. I had asked your friend across the aisle about the possible waiver of the dual juries issue. It was in your brief. I don't know whether you had a comment about that or not, or the recusal issue, since you have a minute to go, I guess. The co-defendant, Raymond Brown, raised the issue as well, and his brief was submitted. Right. But his counsel did raise the issue and cited case law, and the government responded in that brief to the dual jury issue, and so I would rely on that if the court would allow me to. But it was an issue of first impression in this circuit, but there are other circuits who have decided that issue, and I cite all of those circuits in that brief. And I think in this case, you know, the judge, there was no objection to it. They were in chambers. They came out. It was decided, and that seemed to be like the way it went. I know that if I may continue. Yeah, but it does seem to be a waiver, doesn't it? I mean, they said we've got no problem with this. Well, yeah, it's plain error. That's what I argued. Well, but isn't it more than that? Isn't it a waiver? Yeah, it's a waiver. Yeah, if it was waived, it would have to be structural error for us to reverse, not merely plain error, right? I mean, I argue that it was plain error because there was no objection to it. Well, it's more than that there was no objection, right? Doesn't counsel get up and say, I have no objection? Yes. I mean, there's not silence. There's a statement. Statement. How about anything on recusal? Your time is up, but if you want to say something. The only thing I'll say on recusal is that it was not brought before the district court, as far as I could glean from the record. I was reviewing the allegations of it, and I see in counsel's brief that there's a citation to what Angelo Hill testified to, but there's nothing that reflects the veracity of what he says and or the facts that she alleges in her brief as to any relationship between him and Judge Gomez, and that's the reason why this should have been brought below. Okay. Thank you, counsel. Thank you. Ms. McLaughlin. Ms. McLaughlin, would you mind by starting with my question about variance? I don't see anything in your brief about variance. Is that right? So the issue as specifically to the language of variance is not. I did not raise it as a variance issue. Right. So it's a Rule 29 challenge to sufficiency of the evidence at trial and on appeal. Correct. And you're saying the evidence is insufficient because the elements of the offense were not satisfied. Correct. And what elements of the offense were not satisfied? Because in the indictment they specify, as Honorable Judge Jordan pointed out, the specificity that is in the indictment as to the May 5th call. All right. But now you seem to be pivoting toward a variance-type argument. Let me back up. Let's start with what are the elements of the offense for Count 42? Would be that it is a use of telephone. In this case, the telephone was alleged a cell phone, that that cell phone was used to facilitate the drug transaction that occurred on May 17th. The drug transaction. The element of the offense includes the date, May 17th? It doesn't include the date. Let's try to focus carefully on my question. What are the elements of the offense? That a communication facility, such as the phone, was used to further a drug transaction. All right. And in your brief, you say that there was no evidence that a communication facility was used. Correct? Correct. And that's not true with respect to May 17th, because we know Angelo Hill testified that a communication facility was used on May 17th. Correct. However, the indictment references the call on May 5th. Something different. Okay. And that is, in fact, then … A different date on which the call was made. A wildly different date and a very specific call that Mr. Mangola would have, I believe, been looking for that particular evidence of that particular call for that charge. If the government wanted to prosecute him for the use of a communication facility on May 17th, I believe it would be their burden to have stated that in their indictment. And, you know, this was a third superseding indictment because they continued to add charges as they added defendants. And usually we call that kind of an argument an argument about a variance. Is there any reason why you didn't use the word variance? That's what your brief is arguing. You said this date came in on that date. Because based on the way the Rule 29 was argued at the trial … You were trying to try – you were trying to try – you were trying to tie this. Thank you. To the Rule 29 motion. Correct. Okay. But specifically, I just, in the minute that I have left, wanted to address the government's response to the issue of recusal. And I wanted to … First off, you don't have a minute, but you're a minute beyond. Oh, I'm a minute beyond. My apologies. I do have a question for you about this count 42. The government was pretty specific. It asked us if you win on count 42, the appropriate remedy is to vacate the conviction as to that count. And if there's an assessment attached to that as well, $100 or whatever, vacate and there's no need for a remand. What's your position on that? Doesn't that get you what you need? Then it gets you all you're entitled to. I believe it can. I believe we can potentially just have a vacate. We just vacate. We don't need to get this back. Okay. Correct. We'll give you a … Just in summary, because I want the record to be clear, that the government continues to insist that there was not recusal raised in front of the district court, in front of specifically Judge Gomez. And that needs to be clarified. In line 470 of the docket, which is attached to appellant's brief at page AP0079, the recusal motion was, in fact, filed by Mr. Hill's first attorney, who was a CJA attorney, Michael Cheesley. I think that's the correct pronunciation of his name. He filed the recusal motion. It's docketed. It's docketed at line 470. Why the court never heard argument on that motion is beyond me and not in the docket anywhere. Did Mr. Mangold, did anybody else come up and say, Hey, Judge, this motion is pending, and we're really worried because you knew this guy in high school. I mean, did anybody say that to the judge after the filing of this thing at some point? That is not on the record anymore. But I think the record needs to be clear that a recusal motion was filed by initial counsel and never heard or argued. Thank you, counsel. Thank you for the excellent arguments. And we'll take the case under advisement.